UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
No. 21-03910

_____

BRIAN BRESNAHAN,

Appellant,

vs.

THE CITY OF SAINT PETERS; RICK STRUTTMANN, in his personal and
official capacity as Chief of Police of the Saint Peter's Police Department;
and RUSS BATZEL, in his personal and official capacity as City Adminis-
trator of the City of Saint Peters.

Appellees.

_____

ON APPEAL FROM THE UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
No. 4:21-CV-00058 (Honorable Jean C. Hamilton)

_____

APPELLANT'S BRIEF

_____

PETER O. BRUNTRAGER, #67974
BRUNTRAGER & BILLINGS, P.C.
225 S. Meramec Ave., Suite 1200
St. Louis, MO 63105
(314) 646-0066 phone
(314) 646-0065 fax
pob@law-stl.com

Attorney for Appellant

## SUMMARY OF CASE

Appellant Brian Bresnahan was a commissioned police officer with the City of Saint Peters, Missouri Police Department until June of 2020 when he was terminated due to a violation of the City's social media policy. Appellant's alleged violation was a text message in which Appellant provided a URL link to a video from the television show, 'Paradise PD,' which depicted an animated black police officer who accidentally shoots himself. A CNN headline then displays "another innocent black man shot by a cop." At the time Appellant made this comment, there were citizens protesting police violence, commonly known as the Black Lives Matter protests.

Appellant's speech was protected as it pertained a matter of public concern. His termination was in violation of the First Amendment and therefore was unlawful, and the individual Appellees are not afforded qualified immunity. Further, the City of Saint Peter's application of its social media policy in this case violates Appellant's First Amendment rights and therefore was unlawful, and the City is not entitled to sovereign immunity. Based on these violations, it was improper for the District Court to dismiss Appellant's Complaint with prejudice.

Appellant requests 15 minutes for oral argument.

Appellate Case: 21-3910    Page: 2    Date Filed: 03/08/2022 Entry ID: 5134220

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES………………………………..…................. 4

JURISDICTIONAL STATEMENT………………..…………….............. 7

STATEMENT OF ISSUES…………………………..……................................ 8

STATEMENT OF THE CASE…………………………………..…................. 9

SUMMARY OF THE ARGUMENT …………………………………….... 12

ARGUMENT

    I.    The District Court erred in dismissing Appellant's Complaint for not being speech protected by the First Amendment…………….. 14

CONCLUSION …………………………………………………………… 27

3

# TABLE OF AUTHORITIES

**CASES**                                                                        **Page**

*Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917 (9th Cir. 2004) …………… 20

*Anheuser-Busch, Inc. v. Balducci Publications*,
    28 F.3d 769 (8th Cir. 1994) …………………………………………… 24

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………………...……… 13

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……………………… 13, 25

*Bland v. Roberts*, 730 F.3d 368 (4th Cir. 2013) ……………………………… 8, 23

*Bowman v. Pulaski County Special School Dist.*,
    723 F.2d 640 (8th Cir. 1983) …………………………………...…………… 16

*Calvit v. Minneapolis Public Schools*, 122 F.3d 1112 (8th Cir. 1997) ……… 16, 20

*Connick v. Myers*, 461 U.S. 138 (1983) ………………...………… 8, 15, 16, 17, 21

*Desrochers v. City of San Bernardino*, 572 F.3d 703 (9th Cir. 2009) ……… 19, 20

*Doe v. North Holmes, Inc.*, 11 F.4th 633 (8th Cir. 2006) ………………………… 13

*Garcetti v. Ceballos*, 547 U.S. 410 (2021)………………………………………….. 14

*Henry v. Johnson*, 950 F.3d 1005 (8th Cir. 2020) ………………………... 8, 18, 21

*Hustler Magazine, Inc., v. Falwell*, 485 U.S. 46 (1998) ………………………… 24

*Lane v. Franks*, 573 U.S. 228 (2014) …………………………….....… 8, 17, 18, 21

*McGee v. Pub. Water Supply Dist. No. 2*,
    471 F.3d 918 (8th Cir. 2006) …………………………………...……… 17

Appellate Case: 21-3910    Page: 4    Date Filed: 03/08/2022 Entry ID: 5134220

*Nagel v. City of Jamestown, ND*, 952 F.3d 923 (8th Cir. 2020) …………… 18, 21

*Pendleton v. St. Louis County*, 178 F.3d 1007 (8th Cir. 1999)……………….… 15

*Pickering v. Bd. of Ed. of Township High School Dist. 205, Will City.*,
       391 U.S. 563 (1968) …………………………………………… 12, 14, 15, 16

*Spence v. State of Washington*, 418 U.S. 405 (1974)…………………….… 8, 23

*Stockley v. Joyce*, 963 F.3d 809 (8th Cir. 2020) …………………......…… 13, 25

*Strand v. Diversified Collection Service, Inc.*,
       380 F.3d 316 (8th Cir. 2004) …………………………………....… 8, 25

*Texas v. Johnson*, 491 U.S. 397 (1989) ………………………………….….. 23

*Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503 (1969) ………….. 23

*West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943)……………... 14

*Young v. City of St. Charles*, 244 F.3d 623 (8th Cir. 2001) ………….....… 8, 13, 25

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ……………………………………………....…… 14

## FEDERAL STATUTES

28 U.S.C. §1291 ……………………………………………...….……… 7

28 U.S.C. §1311 …………………………………………………..…..… 7

42 U.S.C. §1983 …………………………………………………....……. 7, 10

5

# FEDERAL COURT RULES

Fed. R. Civ. Proc. 12(b)(6) …………………………………… 10, 12, 13, 25, 26

Appellate Case: 21-3910    Page: 6    Date Filed: 03/08/2022 Entry ID: 5134220

## JURISDICTIONAL STATEMENT

The United States District Court for the Eastern District of Missouri had jurisdiction of Appellant's claims under 42 U.S.C. §1983 by virtue of 28 U.S.C. § 1331. The Court's ruling on November 22, 2021, was a final judgment disposing of all claims and Appellant filed a timely notice of appeal to this Court on December 22, 2021. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

Appellate Case: 21-3910    Page: 7    Date Filed: 03/08/2022 Entry ID: 5134220

# STATEMENT OF ISSUES

I.  Whether the District Court erred in dismissing Appellant's Complaint for not being speech protected by the First Amendment

    a.  Whether Appellant properly pled his speech was on a matter of public concern

        *Connick v. Myers*, 461 U.S. 138 (1983);

        *Lane v. Franks*, 573 U.S. 228 (2014);

        *Henry v. Johnson*, 950 F.3d 1005 (8th Cir. 2020)

    b.  Whether Appellant's act of sharing a twitter post constitutes speech

        *Spence v. State of Washington*, 418 U.S. 405 (1974);

        *Bland v. Roberts*, 730 F.3d 368 (4th Cir. 2013)

    c.  Whether the District Court's dismissal of Appellant's Complaint was inappropriate

        *Young v. City of St. Charles*, 244 F.3d 623 (8th Cir. 2001);

        *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316 (8th Cir 2004)

Appellate Case: 21-3910    Page: 8    Date Filed: 03/08/2022 Entry ID: 5134220

## STATEMENT OF THE CASE

Appellant Brian Bresnahan was a police officer with the Saint Peters Police Department until approximately June 10, 2020. See Appendix (App.) A2; R. Doc. 28, at 2. Appellant was terminated after he shared a video with fellow officers wherein a short clip from the television show 'Paradise PD' depicted a black police officer accidentally shooting himself and the subsequent media response stating "another innocent black man shot by a cop." App. A2; R. Doc. 28, at 2. The video and context in which it was shared is clearly a satirical and critical comment on widespread civil unrest and protests of the Black Lives Matter movement. App. A2; R. Doc. 28, at 2. At the time Appellant shared the video, the civil unrest and protests active in Saint Peters and the surrounding areas was widely covered by the media. App. A2; R. Doc. 28, at 2. Appellant's message was a clear statement of disagreement with the current Black Lives Matter protests. App. A2; R. Doc. 28, at 2.

Appellant shared the video via group messaging. App. A1; R. Doc. 28, at 1. The messaging group was established to provide quick communication between police officers in the Saint Peters Police Department and contained only fellow officers. App. A2; R. Doc. 28, at 2. One topic of the messages was to provide the officers up to date information regarding Black Lives Matter

protests. App. A2; R. Doc. 28, at 2. There was no disruption to department operations stemming from Appellant's statement. App. A3; R. Doc. 28, at 3.

Appellant brought this action against the City of Saint Peters, Chief of Police Rick Struttmann, and City Administrator Russ Batzel for wrongful termination and retaliation under 42 U.S.C. § 1983 for violating his free speech rights. App. A1; R. Doc. 28, at 1. Appellees moved to dismiss for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). App. A8; R. Doc. 42, at 2. On November 22, 2021, The District Court granted Appellees' motion to dismiss. App. A16; R. Doc. 42, at 10.

In its order, the District Court reasoned that it must "carefully examine the content, form, and context of the speech at issue." App. A13; R. Doc.. 42, at 7. The analysis ultimately concluded that "neither the content, form, nor context of [Appellant's] speech supports his assertion that the speech addressed a matter of public concern." App. A15; R. Doc. 42, at 9. The District Court acknowledges that there may exist allegations of fact which would allow Appellant to state a cause of action if the video in question were attached to the complaint or if Appellant's associated statement were provided but dismisses the action with prejudice regardless. App. A13; R. Doc. 42, at 7.

Appellate Case: 21-3910   Page: 10   Date Filed: 03/08/2022 Entry ID: 5134220

Further, the District Court ruled that it was unclear if Appellant made any statement. App. A12; R. Doc. 42, at 6. The District Court conceded, however, that if Appellant did make a statement, it only touched lightly upon a matter of public concern. App. A13; R. Doc. 42, at 7.

The District Court found that the individual Appellees were entitled to qualified immunity and the municipal Appellee was not municipally liable for the sole reason that Appellant failed to plausibly allege he spoke on a matter of public concern. App. A15; R. Doc. 42, at 9.

Appellant challenges the District Court's dismissal of his § 1983 claims against Appellees Struttmann and Batzel, and its dismissal of his § 1983 claim against the City of Saint Peters.

Appellate Case: 21-3910     Page: 11     Date Filed: 03/08/2022 Entry ID: 5134220

## SUMMARY OF THE ARGUMENT

The District Court's dismissal for failure to state a claim was contrary to the legal analysis of *Pickering* and its progeny on what constitutes a matter of public concern but also failed to consider the facts and all reasonable inferences from Plaintiff's complaint as true as required by Fed. R. Civ. Proc. 12(b)(6).

Appellant's statement provides a critical viewpoint on the protests and social unrest surrounding the Black Lives Matter movement. Those protests were widely covered by local and national news media and greatly concern the general public in the area, including Appellant. Moreover, the statement is made in Appellant's individual and personal capacity and does not further any private interest specific to himself and is therefore afforded First Amendment protections.

Additionally, symbolic speech that is sufficiently communicative can give rise to First Amendment protections. In this matter, Appellant's actions in sharing a video which provided a comical twist on the Black Lives Matter protests sufficiently relayed a disagreement with the message of the protests, a statement which was understood by the recipients of Appellant's message.

Appellate Case: 21-3910   Page: 12   Date Filed: 03/08/2022 Entry ID: 5134220

# ARGUMENT

## Standard of Review

Dismissals under a Federal Rule of Civil Procedure Rule 12(b)(6) motion to dismiss are reviewed *de novo*, "accepting as true all factual allegations in the light most favorable to the nonmoving party." *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020). In doing so, the appellate court uses its "judicial experience and common sense" to decide if the complaint crosses the plausibility threshold. *Doe v. North Holmes, Inc.*, 11 F.4th 633, 637 (8th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint attacked on the grounds of a 12(b)(6) motion to dismiss "does not need detailed factual allegations." *Id*, at 555. A complaint shall not be dismissed for its failure to state a claim upon which relief can be granted unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of a claim entitling him to relief. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

Appellate Case: 21-3910    Page: 13    Date Filed: 03/08/2022 Entry ID: 5134220

# I. The District Court erred in dismissing Appellant's Complaint for not being speech protected by the First Amendment

The First Amendment of the United States Constitution states "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech…." U.S. Const. amend. I. The rights and protections from the federal government granted under the First Amendment of the Constitution have been extended to protect from each individual state through the Fourteenth Amendment of the United States Constitution. See *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943). It is well established that employees in public service "do not surrender all their First Amendment rights by reason of their employment." *Garcetti v. Ceballos*, 547 U.S. 410, 417 (2006).

The Supreme Court has noted the "importance of promoting the public's interest in receiving the well-informed views of the government employees engaging in civic discussion." *Garcetti*, 547 U.S. at 419; *Pickering v. Bd. of Ed. of Township High School Dist. 205, Will Cty.*, 391 U.S. 563, 573 (1968). This important interest gives rise to "a balance between the interests of the employee, as a citizen, in commenting upon matters of public concern and the interest of the State, as an employer, in promoting the efficiency of the public

14

services it performs through its employees." *Connick v. Myers*, 461 U.S. 138, 142 (1983). Retaliation by a government actor in response to an exercise of free speech qualifies as a basis for a § 1983 action. *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999).

The District Court in this matter dismissed Appellant's Complaint based on the conclusion that "any message conveyed by Plaintiff's distribution of the video touched only lightly, if at all, on matters of public concern." App. A14; R. Doc. 42, at 8. The District Court's finding went no further than determining the speech did not pertain, or only pertained slightly, to a matter of public concern. This finding was the basis of the District Court's dismissal of Appellant's claim against the individual defendants, Appellees Struttmann and Batzel and municipal defendant, Appellee City of Saint Peters.

### a. Appellant properly pled his speech was made on a matter of public concern

Appellant's Complaint sufficiently alleged facts demonstrating his personal commentary on the Black Lives Matter protests was related to a matter of public concern. Public employees retain the right "to speak as a citizen addressing matters of public concern." *Id.* The Supreme Court in *Pickering*

15

set out a two-step test to determine if constitutional speech protections are afforded to a public employee. *Pickering*, 391 U.S. at 568. The first step is "determining whether the employee spoke as a citizen on a matter of public concern." *Id*. For matters not of public concern, "the employee has no First Amendment cause of action." *Id*. If the speech is upon a matter of public concern, "[t]he question becomes whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Id*.

While the term 'public concern' has not been defined, the Supreme Court has concluded that matters of public concern are those "fairly considered as relating to any matter of political, social, or other concern to the community…" *Connick v. Myers*, 461 U.S. at 147. Whether the specific speech in question relates to a public concern "must be determined by the content, form, and context of a given statement." *Id*, at 147-48. Content which "involves a matter of political, social, or other concern to the community is of public concern." *Calvit v. Minneapolis Public Schools*, 122 F.3d 1112, 1117 (8th Cir. 1997). In reviewing a specific topic, "media coverage … [is] a good indication of the public's interest." *Bowman v. Pulaski County Special School Dist.*, 723 F.2d 640, 644 (8th Cir. 1983). "The form and context are examined to

determine whether the public employee speaks as a concerned citizen informing the public… or merely about internal practices relevant only to fellow employees." *Id*. Speech by a public employee is not afforded First Amendment protections if the speech "owes its existence to [the employee's] professional responsibilities." *McGee v. Pub. Water Supply Dist. No. 2*, 471 F.3d 918, 921 (8th Cir. 2006).

In *Connick*, an Assistant District Attorney in New Orleans was fired after distributing a questionnaire to her co-workers which included, among other things, a question on whether any of the attorneys felt pressured to work for specific political campaigns. *Id*, at 149. After the District Court found for the public employee at trial, the Supreme Court determining the speech was one of public concern but ultimately upheld her dismissal after balancing "the full protection of speech upon issues of public concern, as well as the practical realities involved in the administration of a government office." *Id* at 154.

In *Lane v. Franks*, 573 U.S. 228 (2014), the director of a community program was terminated after testifying in an official proceeding against misuse of funds. *Lane v. Franks*, 573 U.S. at 233. The Court held that sworn testimony was not part of Lane's official duties and therefore constituted speech as a private citizen. *Id*, at 238. Furthermore, corruption in a public program and

17

misuse of state funds "obviously involves a matter of public concern." *Id*, at 241.

In *Henry v. Johnson*, 950 F.3d 1005 (8th Cir. 2020), this Court reviewed a grant of summary judgment against a Missouri State Highway Patrolman who faced a reduction in rank after speaking publicly and later testifying about an internal cover-up of criminal activity within the department. *Henry v. Johnson*, 950 F.3d at 1009. This Court held that the non-testimonial statements about the integrity of the judicial system was speech as a private citizen on a matter of public concern. *Id*, at 1012. This finding then triggered a *Pickering* balancing test before affirming summary judgment against the officer. *Id*, at 1015.

This Circuit determined in *Nagel v. City of Jamestown, ND*, 952 F.3d 923 (8th Cir. 2020) that a police officer giving a television interview related to issues that appear to be ordinarily within the scope of police duties is not afforded First Amendment protections. *Nagel v. City of Jamestown, ND*, 952 F.3d at 929-30. The ruling highlighted that his speech was primarily focused on advancing a private interest, namely the officer clearing his name, and was therefore not protected. *Id*, at 930.

18

With respect to Appellant's instant case, the District Court dismissed his petition with prejudice on the grounds that the speech in question was not a matter of public concern. App. A15; R. Doc. 42, at 9. The District Court ruled there was not enough information to evaluate whether the speech was protected. App. A15; R. Doc. 42, at 9. In doing so, the District Court critiqued mainly the form and context of the speech and brushed past the content. App. A15; R. Doc. 42, at 9. The District Court's finding relied heavily on the Ninth Circuit case *Desrochers v. City of San Bernardino*, 572 F.3d 703 (9th Cir. 2009).

*Desrochers* involves police officers in the San Bernardino Police Department that claim they had adverse employment actions taken against them after filing grievances against other department members. *Id*, at 711. While the Ninth Circuit has "adopted a liberal construction of what an issue of public concern is under the First Amendment," the Court says, "[w]hen a subject matter of a statement is only marginally related to issues of public concern, the fact that it was made… to other coworkers may lead the court to conclude the statement does not involve a matter of public concern." *Id*, at 709-10.

19

The analysis in *Desrochers* matches the Eighth Circuit's ruling in *Calvit v. Minneapolis Public Schools*, where the Court first looks to the content of the speech and, if it is unclear whether it relates to a matter of public concern, looks to form and context for assistance. *Calvit*, 122 F.3d at 1117. The Ninth Circuit confirmed this parallel in *Alpha Energy Savers, Inc. v. Hansen*, 391 F.3d 917 (9th Cir. 2004), when it decided the language cited in *Desrochers* did not apply for issues that are "not a close case." *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d at 925.

Any individual living in Saint Peters or the surrounding Saint Louis metropolitan area would conclude that speech related to the Black Lives Matter movement was a matter of public concern. Protests purported to be organized by Black Lives Matter were active and ongoing within Saint Peters and the surrounding areas at the time of the speech and these protests were constantly covered by local news media. Add A2. Appellant's comment in the group text message on the active protests and riots was certainly speech related to a matter of public concern. This is not a close case in that Appellant's message is related directly to issues of grave public concern. Therefore, a careful review of the form and context of the speech is not necessary and an unwarranted reason for dismissal.

Even so, the form and context of the speech do not preclude free speech protections. In *Connick*, the public employee made statements which were distributed amongst only co-workers which was still considered a matter of public concern. In *Lane* and *Henry*, the public employees spoke on matters directly related to their employment but in contexts which were outside the charge of their position. Each of the court rulings reflected that speech was protected based on content, form, and context.

Each of these opinions is distinguishable from *Nagel*, where the public employee presented himself as a police officer and therefore spoke in his official capacity and pursuant to his duties. Moreover, the statements were made to advance a personal goal. Those differences lead to a conclusion that the speech in question is not protected by the First Amendment.

 The Complaint alleged that Plaintiff shared with fellow police officers a twitter post that contained a clip from the currently airing television show 'Paradise PD.' App. A2; R. Doc. 28, at 2. The specific content was a short video wherein a black police officer accidentally shoots himself and the media headlines the issue as "another innocent black man shot by a cop." App. A2; R. Doc. 28, at 2. Appellant shared this video as a personal and private opinion with the intent to send a message that is critical of the Black Lives

Appellate Case: 21-3910     Page: 21     Date Filed: 03/08/2022 Entry ID: 5134220

Matter protests. App. A2; R. Doc. 28, at 2. Additionally, Saint Peters and the surrounding areas were experiencing civil unrest which led to some rioting and looting. App. A2; R. Doc. 28, at 2. This civil unrest was widely covered by the media and represented a matter of public concern. App. A2; R. Doc. 28, at 2. There was no disruption to department operations stemming from Appellant's statement. App. A3; R. Doc. 28, at 3.

Appellant spoke on a topic which was not associated with his direct job duties. His speech did not owe its existence to his position with the Saint Peters Police Department. There is nothing in the record to otherwise suggest that Appellant's duties revolved around these protests. Additionally, his speech was never attributable to the City of Saint Peters or seen as part of his official duties. Finally, these statements were in no way connected to advancing a personal goal. It should be clear, then, that Appellant spoke as a private citizen on a matter of public concern and his statements are protected by the First Amendment.

### b. Appellant's act of sharing a video constitutes speech

The act of sharing a video clip with fellow officers can be fairly classified as symbolic speech consistent with United States law. Symbolic speech has been repeatedly classified as protected speech by the First Amendment. *See*

Appellate Case: 21-3910   Page: 22   Date Filed: 03/08/2022 Entry ID: 5134220

*Texas v. Johnson*, 491 U.S. 397 (1989); *Spence v. State of Washington*, 418 U.S. 405 (1974); *Tinker v. Des Moines Indep. Comm. Sch. Dist.*, 393 U.S. 503 (1969). Symbolic speech is expanding to the digital age in the form of Facebook 'Likes' as seen in *Bland v. Roberts*, 730 F.3d 368 (4th Cir. 2013), where the Fourth Circuit determined that pressing 'Like' on Facebook is sufficiently communicative to trigger First Amendment protections. *Bland v. Roberts*, 730 U.S. at 386.

'Liking' content on Facebook was sufficiently communicative because it signified "[a]n intent to convey a particularized message … and in the surrounding circumstances the likelihood was great that the message would be understood by those who viewed it." *Spence*, 418 U.S. at 410-11. Following the same analysis, 'Sharing' on Facebook, 'Retweeting' on Twitter, and linking to content through text messaging services are also sufficiently communicative to grant the same First Amendment protections. Appellant's actions in sharing a video critical of the Black Lives Matter movement similarly represents symbolic expression which was understood by those in the group text who viewed it.

The fact that the content was a satirical parody does not mean that it was not speech on a matter of public concern. Parody is a form of expression

23

protected by the First Amendment. *See Anheuser-Busch, Inc. v. Balducci Publications*, 28 F.3d 769 (8th Cir. 1994); *Hustler Magazine, Inc., v. Falwell*, 485 U.S. 46 (1988). The nature of the video was a critical comment on the message of the Black Lives Matter movement and the protestors, and therefore is clearly a matter of public concern. It is obvious that this message was understood because that message alone was the reason the City terminated Appellant from his employment with the department. Had there been no message or expression, there would be no reason to fire him.

Further, Appellant's shared content of an animated, public television show which critiqued an active socially and politically charged movement in the United States is analogous to a political cartoon. Political cartoons have existed for centuries to provide a humorous commentary on current matters of public concern. In a practical sense, both the message of the cartoon and any deviation caused by the intended message in sharing the cartoon are sufficiently communicative to give rise to protected speech.

Therefore, because the Complaint alleged the Appellant shared this video to be critical of the Black Lives Matter movement and because the Complaint alleged Appellant sufficiently communicated a statement on a matter of

24

public concern, it was improper to dismiss Appellant's Complaint for failure to state a claim.

### c. The District Court's dismissal of Appellant's Complaint was inappropriate

On a 12(b)(6) motion to dismiss, the facts are construed in a light most favorable to the non-moving party, Appellant. *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020). The District Court specifically states in its Order that it is possible Appellant made a statement and it is possible that statement touches upon a matter of public concern. App. A13, R. Doc. 42, at 7. A complaint may not be dismissed for failure to state a claim unless it appears beyond a reasonable double that Appellant could prove no set of facts to support his claim. *Young v. City of St. Charles*, 244 F.3d at 627.

As a practiced matter, a dismissal under Rule 12(b)(6) should be granted only in the unusual case in which the Plaintiff includes allegations that show, on the face of the Complaint, that there is some insuperable bar to relief. *Strand v. Diversified Collection Service, Inc.*, 380 F.3d 316, 317 (8th Cir 2004). A court should not dismiss the Complaint simply because the Court is doubtful that the Plaintiff will be able to prove all the necessary factual allegations. *Twombly*, 550 U.S. at 556.

The District Court did not construe all facts and inferences therefrom in a light most favorable to Appellant and improperly weighed the facts in Appellee's favor. The District Court's conclusion that it was possible Appellant's statement touched upon a matter of public concern made dismissal inappropriate on the grounds of failure to state a claim.

If the District Court felt there were additional details to add context on the question of whether the speech was a matter of public concern, the appropriate remedy would have been to allow further amendment of the Complaint. The District Court's order and judgment, however, appear to cut off further amendments as requested by Appellant in response to the motion to dismiss, even though the District Court recognizes the existence of additional facts would support a cause of action. This is improper under Fed. R. Civ. Proc. 12(b)(6) and therefore it was improper to dismiss Appellant's Complaint.

Appellate Case: 21-3910    Page: 26    Date Filed: 03/08/2022 Entry ID: 5134220

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests the judgment dismissing the Complaint for failure to state a claim be reversed and the matter be remanded to the District Court for further proceedings.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

/s/ Peter O. Bruntrager
Peter O. Bruntrager, #67974
Bruntrager & Billings, P.C.
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
314-646-0066
314-646-0065 – Facsimile
pob@law-stl.com

Attorney for Appellant Brian Bresnahan

27

## CERTIFICATE OF COMPLIANCE

This Brief contains 4,837 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Book Antiqua font. This brief also complies with Eight Circuit Rule 28A(h) in that it has been scanned for viruses and found to be virus-free.

BRUNTRAGER & BILLINGS, P.C.

/s/ Peter O. Bruntrager
Peter O. Bruntrager, #67974
Bruntrager & Billings, P.C.
1735 S. Big Bend Blvd.
St. Louis, Mo 63117
314-646-0066
314-646-0065 – Facsimile

Attorney for Appellant Brian Bresnahan

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of March, 2022, the foregoing **Appellant's Brief** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Peter O. Bruntrager

Appellate Case: 21-3910     Page: 29     Date Filed: 03/08/2022 Entry ID: 5134220