UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
No. 21-3910

---

BRIAN BRESNAHAN,

Plaintiff/Appellant,

vs.

THE CITY OF SAINT PETERS; RICK STRUTTMANN, in his personal and official capacity as Chief of Police of the Saint Peter's Police Department; and RUSS BATZEL, in his personal and official capacity as City Administrator of the City of Saint Peters.

Defendants/Appellees.

---

ON APPEAL FROM THE UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
No. 4:21-CV-00058 (Honorable Jean C. Hamilton)

---

APPELLANT'S REPLY BRIEF

---

PETER O. BRUNTRAGER, #67974
BRUNTRAGER & BILLINGS, P.C.
225 S. Meramec Ave., Suite 1200
St. Louis, MO 63105
(314) 646-0066 phone
(314) 646-0065 fax
pob@law-stl.com

Attorney for Appellant

# TABLE OF CONTENTS

                                   **<u>Page</u>**

TABLE OF AUTHORITIES……………………………….…................3

ARGUMENT

  I.  The Appellant is entitled to First Amendment Protections..…….....4

  II.  Appellees Struttmann and Batzel are not entitled to qualified immunity……………………………………………………………...9

CONCLUSION ……………………………………………………… 10

# TABLE OF AUTHORITIES

**CASES** **Page**

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ……..………………..…. 4

*Burnham v. Ianni*, 119 F.3d 668 (8th Cir. 1997)…………………………..……9

*Connick v. Myers*, 461 U.S. 138 (1983)………………………………………….. 4, 5

*Garcetti v. Ceballos*, 547 U.S. 410 (2006)……………………………………….4

*Davenport v. University of Arkansas Bd. of Trustees*,

553 F.3d 1110 (8th Cir. 2009)……………………………………………………..7

*Domina v. Van Pelt*, 235 F.3d 1091 (8th Cir. 2000)……………………………...8

*Hemminghaus v. Missouri*, 756 F.3d 1100 (8th Cir. 2014)………………………7

*Henry v. Johnson*, 950 F.3d 1005 (8th Cir. 2020)………………………………...7

*Lane v. Franks*, 574 U.S. 228 (2014)……………………………………………6, 7

*Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) …………………………..4, 7, 8, 9

*Sexton v. Martin*, 210 F.3d 905 (8th Cir. 2000)…………………………….......9

*Snyder v. Phelps*, 562 U.S. 443 (2011)……………………………………….…5

*Stockley v. Joyce*, 963 F.3d 809 (8th Cir. 2020)…..……………………...…..4

*Washington v. Normandy Fire Protection Dist.*,

272 F.3d 522 (8th Cir. 2001)……………………………………………………8

## ARGUMENT

### I. Appellant is entitled to First Amendment Protections

Appellees have properly identified the Free Speech test at issue as it derives from *Pickering v. Bd. of Educ.*, 391 U.S. 563 (1968) and *Connick v. Myers*, 461 U.S. 138 (1983). In determining whether a public employee is entitled to First Amendment protection, a necessary question is "whether the employee spoke as a citizen on a matter of public concern… and … if yes … whether the relevant government entity had an adequate justification for treating the employee differently from any other member of the general public." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). In this matter, Appellant did speak as a citizen on a matter of public concern and there is no justification for the employment action taken against him.

Review of the District Court's decision on Appellees' Motion to Dismiss is *de novo* with factual allegations taken in a light most favorable to Appellant. *Stockley v. Joyce*, 963 F.3d 809, 817 (8th Cir. 2020). Further, Appellant need only plead facts sufficient to state a claim on the face of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Appellant pled his speech was in the form of a video clip shared from the television show "Paradise PD." Joint App. A-039; R. Doc. 28, ¶ 7. The

4

video portrayed a black police officer who accidentally shoots himself and the media response "another innocent black man shot by a cop." Joint App. A-39, R. Doc. 28, ¶ 7. Importantly, Appellant is not required to attach the video to the complaint or provide a second-by-second analysis of the video to meet the threshold to survive a motion to dismiss. The facts as plead are sufficient to provide First Amendment protections for Appellant.

A.     Appellant made a statement on a matter of public concern

A public employee's statement is made on a matter of public concern if it relates to "any matter of political, social, or other concern to the community." *Connick v. Myers*, 461 U.S. 138, 146 (1983). Such speech can also be a matter of public concern if it "is a subject of legitimate news interest." *Snyder v. Phelps*, 562 U.S. 443, 453 (2011). "Inappropriate or controversial character of a statement is irrelevant to the question of whether it deals with a matter of public concern." *Id* (internal quotations removed).

Public circumstances at the time Appellant shared this video give the required context to the Court and illustrate the nationwide media attention and nature of the public concern. Joint App. A-039; R. Doc. 28, ¶ 10. Protests and civil unrest were present across the Saint Peters and surrounding areas as noted in Appellant's pleadings. Joint App. A-039; R. Doc. 28, ¶ 10.

5

These protests dealt specifically with police violence and were widely covered by local and national news. Joint App. A-039; R. Doc. 28, ¶ 10. Appellant, a police officer himself, made his critical statement on the topic of police violence in the midst of these protests. Joint App. A-039; R. Doc. 28, ¶ 8. Appellant's statement and content, form, and context of that statement were properly pled and therefore accepted as true. These facts unequivocally affirm that Appellant's statement is regarding a matter of public concern.

A point that has been raised by Appellees is the nature of the statement which Appellant made. Appellees argue that no statement of Appellant is associated with him sharing the video described in the complaint. This argument ignores both longstanding symbolic speech protections and the fact that a message is clearly conveyed and understood by the Appellees.

B.  Appellant spoke as a citizen

The leading Supreme Court case which illustrates how a court determines if a statement is private speech is *Lane v. Franks*, 574 U.S. 228 (2014). Specifically, speech which is "outside the scope of his ordinary job duties is speech as a citizen." *Id*, at 238. This is true even when it "relates to his pub-

6

lic employment or concerns information learned during that employment." *Id*.

Appellant shared a video amongst fellow police officers relating to the Black Lives Matter protests. Joint App. A-039; R. Doc. 28, ¶ 9. Taking as true the pleadings, these actions were not part of Appellant's job, or a statement made pursuant to official duties.

Statements made within an organization can be statements by a private citizen on a matter of public concern which gives rise to a *Pickering* balancing test. See *Hemminghaus v. Missouri*, 756 F.3d 1100, 1111-2 (8th Cir. 2014). Additionally, this Court has held that police officers can make statements as a private citizen even regarding matters being handled by that officer's department. See *Henry v. Johnson*, 950 F.3d 1005, 1011 (8th Cir. 2020). In fact, intra-office complaints, when not part of official duties, are considered speech as a private citizen. See *Davenport v. University of Arkansas Bd. of Trustees*, 553 F.3d 1110, 1113 (8th Cir. 2009). It remains a key part of the analysis that the statements were not made in the discharge of official duties.

Even if Appellant's statement is related to police activities and made within his organization, it was not made pursuant to his official duties.

7

Appellant is not tasked with making such statements nor has a supervisor requested Appellant make this statement. Rather, taking as true the facts of the pleading, this was a statement made by Appellant outside the discharge of his duties and therefore a statement by a private citizen.

C.  Appellees' interests do not outweigh Appellant's interests

Once a public employee's speech is determined to be made as a private citizen on a matter of public concern, the *Pickering* test balances free speech rights with the employer's interest "in promoting the efficiency of the public services it performs." *Pickering*, 391 U.S. at 568. A *Pickering* analysis is fact-intensive and requires evidence that shows Appellant's speech adversely affected the employer's operations. *Domina v. Van Pelt*, 235 F.3d 1091, 1098 (8th Cir. 2000). A *Pickering* analysis only applies "if it is first established that the speech in question created a disruption in the workplace." *Washington v. Normandy Fire Protection Dist.*, 272 F.3d 522, 526 (8th Cir. 2001).

Appellees are unable to prove any disruption occurred to the City of Saint Peters or its police department. Taking as true the facts pled, only one employee voiced a disagreement with Appellant's statement, but it did not cause any disruption. Joint App. A-039; R. Doc. 28, ¶ 11-12.  Because Ap-

8

pellees have failed to "make a substantial showing that the speech is, in fact, disruptive," any *Pickering* analysis must be weighed in favor of Appellant. *Burnham v. Ianni*, 119 F.3d 668, 680 (8th Cir. 1997).

## II. Appellees Struttmann and Batzel are not entitled to qualified immunity

Once the Court determines that Appellant is entitled to First Amendment protections associated with his speech, then the Court may continue to an inquiry on qualified immunity. *Sexton v. Martin*, 210 F.3d 905, 913 (8th Cir. 2000). A government official is not entitled to immunity when that person's conduct violated a clearly established constitutional right. *Burnham*, 119 F.3d at 673. The Appellees bear the burden of proving that Appellant's rights were not clearly established. *Id*, at 674.

Appellees' argument that there is not a clearly established constitutional right lack merit. The "Black Lives Matter" protests were clearly of public concern, both locally and nationally. It is well established that Appellant's duties do not include sharing critical commentary of the protests, and there was clearly no disruption to the work force. Therefore, Appellant had a clearly established constitutional right and the Appellees should not be afforded qualified immunity.

9

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests the judgment dismissing the Complaint for failure to state a claim be reversed and the matter be remanded to the District Court for further proceedings.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

<u>/s/ Peter O. Bruntrager</u>
Peter O. Bruntrager, #67974
Bruntrager & Billings, P.C.
225 S. Meramec Ave., Suite 1200
Clayton, MO 63105
314-646-0066
314-646-0065 – Facsimile
pob@law-stl.com

Attorney for Appellant Brian Bresnahan

# CERTIFICATE OF COMPLIANCE

This Brief contains 1753 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii). This brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Book Antiqua font. This brief also complies with Eight Circuit Rule 28A(h) in that it has been scanned for viruses and found to be virus-free.

BRUNTRAGER & BILLINGS, P.C.

/s/ Peter O. Bruntrager
Peter O. Bruntrager, #67974
Bruntrager & Billings, P.C.
1735 S. Big Bend Blvd.
St. Louis, Mo 63117
314-646-0066
314-646-0065 – Facsimile

Attorney for Appellant Brian Bresnahan

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of May 2022, the foregoing **Appellant's Reply** was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Peter O. Bruntrager